PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN H. ALLEN,                          )
                                        )       CASE NO. 1:14cv2135
              Petitioner,               )            (1:12cr540)
                                        )
        v.                              )       JUDGE BENITA Y. PEARSON
                                        )
UNITED STATES OF AMERICA,               )
                                        )       **MEMORANDUM OF OPINION AND**
              Respondent.               )       **ORDER** [Resolving ECF Nos. 1; 49]


        Pending before the Court is *pro se* Petitioner John H. Allen's motion to vacate, set aside,

or correct his sentence pursuant to 28 U.S.C. § 2255.  ECF Nos. 1 (Civil Case No. 1:14cv2135);

49 (Criminal Case No. 1:12cr540).[1]  Petitioner also requests an evidentiary hearing.  The

Government filed a response.  ECF No. 53.  Petitioner did not file a reply.  The Court has

reviewed the pleadings most recently filed along with other pertinent parts of the record. For the

reasons that follow, the Court denies Petitioner's motion.

### I.  Factual and Procedural Background

        On November 5, 2012, Petitioner possessed with intent to distribute at least ten kilograms

of phencyclidine (PCP).  ECF No. 37 at 11. On that date, Petitioner had traveled to a rented

storage locker in Vermillion, Ohio, and retrieved a gallon container of PCP.  *Id.*  The gallon

container of PCP was discovered by agents during a traffic stop in Westlake, Ohio.  *Id.*

---

        [1]  Petitioner's motion resides on both the Court's civil and criminal case dockets. Because
all of the filings pertinent to the motion appear in the criminal case (No. 1:12cr540), the
remaining citations to the docket will refer to the criminal case rather than the civil case.

(1:14cv2135/1:12cr540)

Petitioner informed the agents of his storage locker in Vermillion, and that they could find two additional gallons of PCP and a firearm therein. *Id.* Petitioner admits that the firearm affected interstate commerce. *Id.* at 12. In total, agents recovered more than ten kilograms of PCP. *Id.* at 11. Previously, Petitioner had been convicted of Aggravated Trafficking in Drugs, Involuntary Manslaughter, and Felonious Assault—all punishable by imprisonment for a term exceeding one year. *Id.* at 11–12.

On May 1, 2013, Petitioner, pursuant to a plea agreement, pleaded guilty to one count of possession with intent to distribute PCP (Count 1) and one count of possession of a firearm by a convicted felon (Count 2). ECF No. 26 at 15–16. The plea agreement provides, in pertinent part:

> For purposes of determining Defendant's statutory penalty and imprisonment range under the United States Sentencing Guidelines, Defendant and government agree and stipulate that the amount of drugs conspired to be possessed with the intent to distribute and distributed in Count 1 is at least 10 kilograms of phencyclidine which corresponds to a base offense level of 36 pursuant to U.S.S.G. § 2D1.1(c)(2). However, the parties realize that based on the enhanced statutory penalty of a mandatory Life, Defendant's adjusted base offense level must begin at the first level in his criminal history category that encompasses a possible Life sentence pursuant to U.S.S.G. § 5G1.1(b). Furthermore, the parties realize that the Defendant is likely to be a career offender and his adjusted base offense level must be 37 and the Criminal History Category must be VI.

ECF No. 37 at 6. The plea agreement further stated that:

> The parties realize that based on the enhanced statutory penalty, Defendant's adjusted base offense level for Count 1 will be higher than 36 and must begin at the first level in Defendant's criminal history category that encompasses a possible Life sentence pursuant to U.S.S.G. § 5G1.1(b). Based on a criminal history category of VI as found by the pre-plea PSR, Defendant understands his base offense level will begin at level 37.

ECF No. 37 at 7 n.1.

2

(1:14cv2135/1:12cr540)

At the sentencing hearing, the Court reviewed the Guidelines computation with the parties.  The Court noted that the plea agreement reflected that both the Government and Petitioner agreed that, Petitioner's base offense level would be 37 with a Criminal History Category of VI before adjustment.[2]  *See* ECF No. 48 at 6.  At this point, the Guidelines suggested a sentencing range of 360 months to Life.  Petitioner's offense level was then reduced to 32 after applying a three-level reduction for acceptance of responsibility and a two-level reduction for cooperation.  ECF No. 48 at 6.  After these adjustments, the Guidelines suggested a sentencing range of 210 to 262 months, based on an adjusted offense level of 32 and a Criminal History Category of VI.[3]  ECF No. 48 at 8.  The Court imposed a sentence at the low-end of the range, 210 months of incarceration.[4]  ECF No. 48 at 46.

Petitioner now moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  ECF No. 49.  Petitioner claims that he was denied effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution and requests an evidentiary hearing.  The Government filed a response.  ECF No. 53.  Petitioner did not file a reply.  The motion is ripe for the Court's adjudication.

## II.  Legal Principles

---

[2]  The Court found that Petitioner belonged in Criminal History Category VI based on Petitioner's criminal history points, not because Petitioner was a career offender.  ECF No. 48 at 8.

[3]  The Court later acknowledged that the guidelines suggested a range of 210 to 262 months of incarceration regardless of Criminal History Category.  ECF No. 48 at 40.

[4]  The sentence also included a five-year term of supervised release as to Count 1, as well as concurrent periods of incarceration and supervised release as to Count 2.  ECF No. 48 at 46.

3

(1:14cv2135/1:12cr540)

A prisoner sentenced by a federal court may move that court to "vacate, set aside or correct the sentence" under 28 U.S.C. § 2255. To succeed on a § 2255 motion, a prisoner in custody must show "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *McPhearson v. United States*, 675 F.3d 553, 559 (6th Cir. 2012) (internal quotation marks omitted).

"Claims of ineffective assistance of counsel are properly raised in a section 2255 motion." *Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013). "To show a violation of the Sixth Amendment right to effective assistance of counsel, a defendant must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense." *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. In other words, the defendant must prove that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential" and a court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

Even if counsel's performance fell below prevailing standards, relief can be granted only if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Unless "both showings" are made, it cannot be said that the sentence "resulted from a breakdown in the adversary process that renders the

4

(1:14cv2135/1:12cr540)

result unreliable." *Id.* at 687.  "An error by counsel at sentencing that amounts to any extra jail time is prejudicial under the Sixth Amendment." *McPhearson*, 675 F.3d at 563.

## III.  Discussion

Petitioner claims that his counsel was ineffective in two respects.  First, Petitioner contends that his counsel was ineffective for failing to object to an incorrect base offense level calculation.  ECF No. 49 at 4.  Specifically, Petitioner states that the base offense level calculation was improper because the Court relied on the career offender enhancement for Count 1 after it had determined that Petitioner was not a career offender.  ECF No. 49-1 at 4.  Plaintiff argues that the miscalculated base offense level affected the computation of his adjusted offense level and sentencing range, and that the proper base offense level would have instead produced a sentencing guide range of 168 to 210 months.  ECF No. 49-1 at 5.

Second, Petitioner asserts that his counsel was ineffective for failing to object to an incorrect calculation of Petitioner's criminal history score.  ECF No. 49 at 5.  Petitioner argues that he improperly received a point for a prior misdemeanor conviction for attempting to leave the scene of an accident.  ECF No. 49-1 at 6.  Petitioner also states that he should not have been assessed recency points under U.S.S.G. § 4A1.1(e).  ECF No. 49-1 at 7.  According to Petitioner, adjusting his score for the points improperly assessed would have resulted in Petitioner receiving a lower Criminal History Category and, consequently, a lower sentencing range.  ECF No. 49-1 at 7.

Neither argument has merit.  Petitioner cannot show that his attorney's performance fell below *Strickland*'s "objective standard of reasonableness." *Strickland*, 466 U.S. at 688.  The

5

(1:14cv2135/1:12cr540)

calculations for Petitioner's base offense level and criminal history score were properly computed during sentencing. Thus, there was no error to which Petitioner's counsel could have objected. Consequently, there is no reason to conclude that counsel provided ineffective assistance of counsel—notwithstanding Petitioner's wish that counsel object without an adequate basis to do so. *See United States v. Watkins*, 509 F.3d 277, 283 (6th Cir. 2007) (concluding that counsel did not render ineffective assistance by failing to object to the proper application of the Sentencing Guidelines).

Regarding Petitioner's first alleged error, the record plainly reflects that the Court did not rely upon the career offender enhancement in calculating Petitioner's base offense level. The adjustment from offense level 36 to 37 occurred because of statutory enhancement. Section 5G1.1(b) of the United States Sentencing Guidelines requires the guideline sentence to match the statutorily required minimum sentence. U.S.S.G. § 5G1.1(b). Petitioner had been convicted of at least two prior felony drug offenses, triggering the mandatory life sentence contained in 21 U.S.C. § 841(b). ECF No. 37 at 2–3. The plea agreement indicates that Petitioner's base offense level for Count 1 "must begin at the first level in Defendant's criminal history category that encompasses a possible life sentence." ECF No. 37 at 7 n.1. The plea agreement further stipulated that based on the Criminal History Category VI as determined by the pre-plea Presentence Report ("PSR"), Allen's base offense level would begin at 37. Under Criminal History Category VI, offense level 37 is the first offense level in which life imprisonment is a possible sentence. During sentencing, Petitioner was informed that the base offense level of 37 not based on a finding that he was a career offender. ECF No. 48 at 7. Petitioner's suggested

6

(1:14cv2135/1:12cr540)

sentencing range was correctly computed, and Petitioner's counsel had no basis to object.

Regarding Petitioner's second alleged error, Petitioner's prior convictions properly placed him in Criminal History Category VI.  Section 4A1.2(c) of the United States Sentencing Guidelines provides that misdemeanors are counted unless expressly excluded.  Section 4A1.1(c) provides that up to four points may be counted for each prior sentence that does not result in a term of imprisonment of at least sixty days.  Here, Petitioner has only objected to counting his misdemeanor charge for attempting to leave the scene of an accident.  ECF No. 49-1 at 6.  As the Government observes, Petitioner would have received the same score even if this conviction had been ignored because Petitioner has sufficient prior convictions to achieve the maximum four points to be counted under U.S.S.G. § 4A1.1(c).  ECF No. 53 at 10.  Moreover, the record reflects that no recency points were counted.  Petitioner received two additional points under U.S.S.G. § 4A1.1(d) for being on probation when he was arrested in the instant case.  ECF Nos. 48 at 7–8; 53 at 10.  These two additional points gave Petitioner a criminal history score of 15. The Guidelines require only 13 points for placement in Criminal History Category VI.  U.S.S.G. Ch. 5, Pt. A.  There was no error in the computation of Petitioner's Criminal History Category, and therefore there was no basis counsel for Petitioner to object.

## IV.

The Court concludes that no evidentiary hearing is needed because Petitioner's claims for relief are contradicted by the record and the record of establishes that Allen is not entitled to the relief sought.  *See Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).  Petitioner's § 2255 motion is

7

(1:14cv2135/1:12cr540)

denied without the need for an evidentiary hearing.


## V.  Conclusion

For the reasons given above, Petitioner was not denied effective assistance of counsel in

violation of the Sixth Amendment to the United States Constitution.  The motion to vacate, set

aside or correct Petitioner's sentence is denied.


      IT IS SO ORDERED.


  October 31, 2014                           */s/ Benita Y. Pearson*

Date                                     Benita Y. Pearson

                                          United States District Judge